20-1034-cv
Tonina v. Conn. Dep't of Revenue Services

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty-one.

PRESENT:
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> > *Circuit Judges*,
> NICHOLAS G. GARAUFIS,
> > *District Judge.*[*]

---

Theresa Tonina,

> *Plaintiff-Appellant*,

v.                                                                 No. 20-1034

Connecticut Department of Revenue Services,

> *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:          Teresa Tonina, pro se, Kensington, CT.

FOR DEFENDANT-APPELLEE:          Patrick T. Ring, Assistant Attorney General,
                                 *for* Claire Kindall, Solicitor General, William Tong,
                                 Attorney General, Connecticut Office of the
                                 Attorney General, Hartford, CT.

---

[*] Judge Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Theresa Tonina, proceeding pro se, appeals from a judgment of the district court dismissing her complaint against the Connecticut Department of Revenue Services (the "Department"). Construing her complaint liberally, we understand Tonina to bring § 1983 claims under various Amendments to the Constitution, as well as state law defamation and harassment claims. She bases her claims for damages on allegations that the Department discriminated against her and refused to provide her with exculpatory information in the course of conducting tax audits concerning car sales purportedly connected to Tonina's business. Tonina further alleges that the Department improperly levied $250,000 in back taxes against her and placed a lien on her property. The district court dismissed Tonina's complaint as barred by the Eleventh Amendment. Tonina now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

When a district court dismisses a complaint based on Eleventh Amendment sovereign immunity, we review its legal conclusions *de novo* and its factual findings for clear error. *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015).

Subject to certain exceptions, the Eleventh Amendment generally bars private individuals from suing states in federal court. *Id.* This broad immunity "encompasses not just actions in which a state is actually named as a defendant, but also certain actions against state agents and

2

instrumentalities." *Id.* A "state instrumentality" is immune from suit when "it is an 'arm of the state.'" *Id.* (quoting *Alden v. Maine*, 527 U.S. 706, 756 (1999)). The primary exceptions to Eleventh Amendment immunity from suit involve circumstances when the state has consented to suit "in unequivocal terms" or when "Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985).

The Department is a state agency under the direction of the Commissioner of Revenue Services. The Commissioner is appointed by the Governor of Connecticut. *See* Conn. Gen. Stat. § 12-1a. As the district court recognized and Tonina does not dispute on appeal, Connecticut has not consented to this suit, and Congress has not abrogated Connecticut's immunity with respect to Tonina's claims. As an arm of the State of Connecticut, the Department is thus immune from suit under the Eleventh Amendment, as we have ruled previously. *See In re Charter Oak Assocs.*, 361 F.3d 760, 764 n.1 (2d Cir. 2004) (explaining that the Department is an "agenc[y] of the state of Connecticut and thus immune from suit to the same extent as the state itself"). The district court properly dismissed Tonina's complaint based on the Department's immunity from suit.[1]

In her appeal, Tonina does not engage with the district court's reasoning on immunity. Instead, she argues that the district court erred by not considering certain of her claims on the merits. Yet, because the Department is immune from suit, the district court was foreclosed from

---

[1] Dismissal of Tonina's complaint is not avoided by the exception to Eleventh Amendment immunity set forth in *Ex parte Young*, 209 U.S. 123 (1908), because Tonina does not bring this action against a state official acting in his official capacity and because she seeks monetary relief. *See State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) ("Under the well-known exception to [Eleventh Amendment immunity] first set forth in *Ex parte Young*, . . . a plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for prospective, injunctive relief from violations of federal law." (internal quotation marks and citation omitted)).

considering the merits of any of Tonina's claims.  *See Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011) ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State.").

We have considered Tonina's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** her motion as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4